108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith E. WIGGINS, Petitioner-Appellant,
v.
Michael T. PICKETT, Warden; Attorney General of the State
of California, Respondents-Appellees.
 No. 96-55132.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith E. Wiggins, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Wiggins contends that the district court erred by denying his habeas petition because he received ineffective assistance of counsel. Specifically, Wiggins contends that his counsel should have moved to suppress evidence of, and evidence derived from, a telephone call he made from his mobile phone after he shot the victim. We agree with the district court that Wiggins cannot show that he was prejudiced by any alleged failure.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 687-88. If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. Id. at 697.
 
 
 5
 Here, there were numerous witnesses to the shooting, including the victim's mother and girlfriend, and a next-door neighbor. Both the victim's mother and the next-door neighbor--who witnessed the altercation and eventual shooting while describing the events to the police on the phone--identified Wiggins as the perpetrator. In addition, three witnesses were with Wiggins when he became involved in an altercation with the victim. These witnesses knew Wiggins and testified to his identity at trial. One of these witnesses, Stacey Hans, was the other party to the mobile phone conversation with Wiggins which was overheard on a scanner. However, even before police learned of the phone conversation, they had already identified Hans as a witness and questioned her at the police station where she told police that the victim owed someone named "Keith" money. During that questioning, she also gave police a description of Wiggins's car and his pager number.
 
 
 6
 We agree with the district court that even had evidence of the phone conversation and the subsequent information obtained by the police from Hans been suppressed, given the overwhelming evidence, Wiggins cannot show prejudice. See id. at 687-88.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Wiggins' request for oral argument. We also deny Wiggins' request for judicial notice
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3